IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

2007 DEC 10 P 12: 52

| | | |
|---|---|---|
| ANNETTE C. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO.: |
| | ) | |
| TROY NISSAN INC., | ) | 2:07cv1075-WKW |
| | ) | |
| Defendant. | ) | **DEMAND FOR JURY TRIAL** |

## COMPLAINT

I. **JURISDICTION**

1.  The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and 28 U.S.C. §§ 2201 and 2202, and § 2000e et seq. This is a suit in law and equity authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981, and § 1981(a). The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured by 42 U.S.C. § 2000e et seq. providing for injunctive relief, back pay, compensatory damages, punitive damages, attorney fees, and other relief against race and sex discrimination.

2.  Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII of the Act of Congress known as the "Civil Rights Act of 1964", as amended, 42 U.S.C. § 2000e et seq. Plaintiff timely filed her charge of race and sex discrimination within 180 days of occurrence of the last discriminatory act. Plaintiff

timely filed her discrimination claims within 90 days of the receipt of her Notice of Right To Sue from the Equal Employment Opportunity Commission ("EEOC").

3. Prior to issuing White a right to sue letter, the EEOC investigated her charges, which included the interviewing of witnesses and review of business records, and issued a determination that there was reasonable cause to believe that defendant discriminated against White. Conciliation efforts did not result in a resolution of the matter, and as such White files this action.

## II. PARTIES

4. Plaintiff, Annette C. White, is an African-American female citizen of the United States, and a resident of the State of Alabama.

5. Defendant, TROY NISSAN Inc. is a corporate entity doing business in the State of Alabama. The defendant employs at least fifteen (15) persons. The defendant company is an employer subject to suit pursuant to the provisions of the Act of Congress known as "The Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq, and 42 U.S.C. § 1981.

## III. STATEMENT OF FACTS

6. The plaintiff re-alleges and incorporates by reference paragraphs 1-5 above with the same force and effect as if fully set out in specific detail hereinbelow.

7. On or about March 22nd or 23rd 2005, White went to Troy Nissan and completed an employment application for a car sales representative position. White

was interviewed and hired on the spot by Mike Penn, the sales manager. At the request of Penn, White completed a W-2 form.

8. White had been living in Montgomery and after being hired at Troy Nissan secured an apartment in Troy, Alabama.

9. White was given a report date of March 29, 2005.

10. When White reported for work, Penn asked her if she had moved to Troy. White responded, "Yes". White was then informed that TROY NISSAN had decided to re-hire a former white male employee. Penn stated that the man White was hired to replace asked for his job back over the weekend and had been re-hired.

11. On or about May 7, 2007, White received a call from the dealership.

12. On May 9, 2005, White went to the dealership and was informed that she now could now have the sales job. White asked if this was going to be like last time, Penn responded no, and pointed to a lady cleaning out a desk for White.

13. White was given a pay scale to review as to how she would be paid.

14. White was given a new report date of May 12, 2007.

15. When White reported on May 12, 2007, she was informed that there had been damage from a hail storm and that she would not be allowed to start work.

16. White asked to speak to the owner of the dealership, Mr. Webb. Mr. Webb informed White that she misunderstood and that no job offer was made. White later learned that another white male had been hired.

17. Despite hiring White on two separate occasions, Troy Nissan denies that White was ever hired.

3

18. After the second time of being hired and reporting to work only to be sent home, White filed an EEOC charge.

19. White only challenged these actions after being hired a second time.

20. After an investigation that involved speaking with witnesses and a review of hiring records, the EEOC determined that there was a reasonable cause to believe that discrimination based on race and sex occurred.

## COUNT I DISCRIMINATION IN HIRING

21. The plaintiff re-alleges and incorporates by reference paragraphs 1-20 with the same force and effect as if fully set out in specific detail hereinbelow.

22. The defendant discriminated against the plaintiff because of her race and sex with respect to their refusal to allow White to begin work in violation of Title VII, 42 U.S.C. 1981.

23. As a result of the defendant's actions, White has suffered and is continuing to suffer injury including emotional pain, suffering, humiliation, inconvenience-including moving, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

24. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for back-pay, compensatory damages, punitive damages, injunctive and a declaratory judgment is her only means of securing adequate relief. The plaintiff is now suffering and will continue to suffer irreparable injury from the defendant's unlawful policies and practices as set forth herein unless enjoined by this Court.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the defendants are volatile of the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, 42 U.S.C. § 2000e et seq. the Civil Rights Act of 1991 and 42 U.S.C. § 1981a

2. Grant plaintiff a permanent injunction enjoining the defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended 42 U.S.C. § 1981.

3. Enter an Order requiring the defendant to make the plaintiff whole by awarding her the position she would have occupied in the absence of discrimination.

4. The plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

### JURY DEMAND

The plaintiff demands a trial by jury on all claims.

Respectfully submitted,

_____
Lee D. Winston
Roderick T. Cooks
Attorneys for Plaintiff

**OF COUNSEL:**

**WINSTON COOKS, LLC**

319 17th Street North
Birmingham, Alabama   35203
(205) 314-0515


**DEFENDANT'S ADDRESS:**

Troy Nissan, Inc.
110 U.S. 231 North
Troy, AL 36081

```
DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602001482
Cashier ID: khaynes
Transaction Date: 12/10/2007
Payer Name: WINSTON COOKS LLC
-----------------------------------
CIVIL FILING FEE
 For: WINSTON COOKS LLC
 Case/Party: D-ALM-2-07-CV-001075-001
 Amount:        $350.00
-----------------------------------
CASH
 Amt Tendered: $350.00
-----------------------------------
Total Due:       $350.00
Total Tendered: $350.00
Change Amt:      $0.00

ANNETTE C. WHITE V. TROY NISSIAN
INC.

2:07-CV-001075-WKW-SRW
```