## IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## <u>NORTHERN DIVISION</u>

| | | |
|---|---|---|
| ANNETTE C. WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO: 2:07cv1075-WKW |
| | ) | |
| TROY NISSAN, | ) | |
| | ) | |
| Defendant. | ) | |

---

### DEFENDANT'S ANSWER, RAISING
### R.12, *FED.R.CIV.P.* AND OTHER DEFENSES

---

COMES NOW the Defendant, Troy Nissan, by and through its attorney John

Martin Galese, and responds to the Plaintiff's Complaint as follows:


### <u>AS TO SPECIFIC AVERMENTS</u>

1.    No response is required.

2.    Denied.

3.    The Defendant admits that the EEOC issued a right to sue letter.

4.    The gender and race of the Plaintiff are admitted, otherwise denied.

5.    Admitted.

6.    Answered above.

7.    Denied.

8.    Denied.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Denied.

13.    Denied.

14.    Denied.

15.    Denied.

16.    The Defendant admits that one of the owners, Mr. Webb, advised the Plaintiff
       that he never agreed to employ the Plaintiff, otherwise, denied.

17.    The Defendant denies ever hiring the Plaintiff.

18.    The Defendant denies ever having hired the Plaintiff but admits that she field
       an EEOC charge.

19.    See response to 18 above.

20.    Denied.

21.    Answered above.

22.    Denied.

23.    Denied.

24.    Denied.

## **OTHER DEFENSES**

### *FIRST DEFENSE*

The Complaint fails to state facts sufficient to constitute a cause or causes of action against the Defendant.

### *SECOND DEFENSE*

The Complaint and each count therein contained, fails to state a claim against the Defendant upon which relief can be granted.

### *THIRD DEFENSE*

The Plaintiff is not entitled to the relief sought because if she proved her sex or race was a motivating factor for any employment decision she claims adversely affected her, the Defendant will show that it would have taken the same action in absence of the impermissible motivating factor(s) and therefore the limitations on damages and attorney's fees, as set forth in 42 U.S.C. § 2000e-5(g)(2)(B) are applicable.

### FOURTH DEFENSE

The Plaintiff is not entitled to recover back pay, damages for emotional distress, mental anguish, front pay or other damages insofar as she has failed to mitigate her damages.

### FIFTH DEFENSE

The Plaintiff has not alleged facts which, if found, would justify an award of damages for emotional distress/mental anguish, as a matter of law.

### SIXTH DEFENSE

The Defendant did not intentionally discriminate against the Plaintiff and said alleged discrimination did not result in damage to the Plaintiff.

### SEVENTH DEFENSE

The Plaintiff has not alleged a basis for an award of punitive damages because she has not alleged willful, reckless or malicious conduct on the part of the Defendant.

### EIGHTH DEFENSE

The Plaintiff is not entitled to punitive damages and compensatory damages or to a trial by jury because the Plaintiff has not alleged and cannot prove facts sufficient to support an award under applicable law.

*NINTH DEFENSE*

The Defendant is not liable for any damages resulting from the alleged racial or sexual discrimination of the Plaintiff because had she reported such conduct, the Defendant would have taken immediate, appropriate and effective remedial action.

*TENTH DEFENSE*

The Plaintiff cannot prove any discrimination based on her race or on her gender. The Plaintiff is estopped from raising the claims set forth in the Complaint.

*ELEVENTH DEFENSE*

The Defendant is not liable for the Plaintiff's claims as she cannot establish that she was subjected to any disparate treatment by the Defendant.

*THIRTEENTH DEFENSE*

The Plaintiff has not been damaged as alleged.

*FOURTEENTH DEFENSE*

The Plaintiff has not been damaged by acts of the Defendant.

*FIFTEENTH DEFENSE*

The Defendant denies the material averments of the Complaint and demands strict proof thereof.

*SIXTEENTH DEFENSE*

The Complaint and each Count thereof, to the extent they are not brought within the applicable statute or period of limitations, are time barred.

*SEVENTEENTH DEFENSE*

No conduct of the Defendant was the proximate cause of or had any causal connection with the injuries and damages alleged by the Plaintiff.

*EIGHTEENTH DEFENSE*

The Plaintiff's demands for injunctive relief and back and front pay are equitable in nature and are not properly triable to a jury.

*NINETEENTH DEFENSE*

In connection with the Plaintiff's prayer for equitable relief, the Plaintiff comes into Court with unclean hands.

*TWENTIETH DEFENSE*

The Defendant had legitimate, non-pretextual business reasons for its employment decisions regarding the Plaintiff. The Plaintiff, failed to complete and submit an application for employment and was not eligible for hire. The Caucasian male employed by the Defendant, referenced by the Plaintiff in her complaint, had been solicited as an employee for many years; had a local customer base; had vast experience in selling vehicles in Troy, Alabama and, finally was willing to come and

work for the Defendant. In contrast, the Plaintiff was new to Troy, Alabama; had no or inadequate experience in motor vehicle sales and had no local customer base.

### TWENTY-FIRST DEFENSE

The Defendant is not liable for any damages resulting from the alleged sexual or racial discrimination because it was never notified by the Plaintiff of the alleged discrimination and had it been so notified, it would have taken immediate, appropriate and effective remedial action.

### TWENTY-SECOND DEFENSE

The Defendant did not take an adverse employment action against the Plaintiff because of her gender or race.

### TWENTY-THIRD DEFENSE

The Defendant cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any other agent, employee or servant pursuant to Alabama Code Section 6-11-27 (1975).

### TWENTY-FOURTH DEFENSE

Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the State of Alabama and:

1.    Any award of punitive damages to Plaintiff in this case would be in violation of the constitutional safeguards provided to defendants under the Constitution of the United States of America.

2.    No punitive damages are warranted or allowable that would exceed comparable maximums established for similar alleged criminal fines.

3.    Punitive damages cannot be sustained because of the lack of clarity in Alabama's standards for awarding punitive damages.

4.    Any claim for punitive damages, on its face and/or applied in this case, is in violation of the Fifth and Sixth Amendments of the Constitution of the United States; of the proportionality principles contained in the Eighth Amendment of the Constitution of the United States; the due process clause in the Fourteenth Amendment of the Constitution of the United States; and Article 1, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Constitution of Alabama of 1901, and is improper under the common law and public policies of the State of Alabama.

7.    Plaintiff's claims for the recovery of punitive damages are barred by Alabama Code Section 6-11-20, et.seq.

8.    Plaintiff's claims for the recovery of punitive damages are barred by Alabama Code Section 6-11-27 (1993).

9.    Plaintiff's claims for the recovery of punitive damages are in contravention of

the Defendant's rights under each of the following constitutional provisions:

a.    Article I, Section 8 of the United States Constitution, as an

impermissible burden on interstate commerce;

b.    The Contracts Clause of Article I, Section 10 of the United States

Constitution;

c.    The Due Process Clause of the Fifth and Fourteenth Amendments to the

United States Constitution;

d.    The Equal Protection under the laws afforded by the Fourteenth

Amendment to the United States Constitution;

e.    The constitutional prohibition against vague and overly broad laws;

f.    The prohibition against ex post facto laws in Article I, Section 22 of the

Alabama Constitution;

g.    The Contracts Clause of Article 1, Section 22 of the Constitution of

Alabama; and

h.    The Due Process Clause of Article 1 Section 6 and/or 13 of the

Constitution of Alabama.

10.    An award of punitive damages in the circumstances of this case would clearly

be violative of the Defendant's due process rights as embraced by the Fifth and

9

Fourteenth Amendment to the United States Constitution and by the due process clause of Article 1, Section 6 and/or 13 of the Alabama Constitution, jointly and separately, as such award would constitute a deprivation of property without due process of law.

11.     The imposition of punitive damages in this case would be in denial of the Defendant's right to equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution and Article 1, Section 1, 6 and 22 of the Alabama Constitution. Specifically, a defendant is treated differently from criminal defendants which are charged for similar or identical culpability. Alternatively, the absence of adequate and objective standards for guiding in the assessment of punitive damages fails to insure the equality of treatment between and among similarly situated civil defendants.

12.     The imposition of punitive damages in this case would violate the Defendant's rights under Article 1, Section 22 of the Alabama Constitution in that it would impair the contractual obligations of parties to this litigation.

13.     With respect to Plaintiff's demand for punitive damages, the Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of BMW of No. America v. Gore, Cooper

Industries, Inc., v Leatherman Tool Group, Inc., and Horton Homes, Inc., v Brooks.

14. To the extent that the Plaintiff's demand for punitive damages may result in multiple punitive damage awards to be assessed for the same act or omission against the Defendant, this award contravenes Defendant's right to due process under the due process clause of Article 1, Section 13 of the Alabama Constitution. In addition, such award would infringe upon Defendant's rights against double jeopardy insured by the Fifth Amendment of the United States Constitution and/or Article 1, Section 9 of the Alabama Constitution.

15. The procedures pursuant to which punitive damages are awarded subject the Defendant to punishment for the conduct of others through vicarious liability or through non-apportionment of damages among joint tortfeasors, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I Section 1 and 6 of the Alabama Constitution.

16. The procedures pursuant to which punitive damages are awarded expose the Defendant to the risk of undefinable, unlimited liability unrelated to actual loss, if any, caused by its conduct, creating a chilling effect on the Defendants' exercise of its right to a judicial resolution of this dispute.

*TWENTY-FIFTH DEFENSE*

To the extent Plaintiff brings a claim under 42 U.S.C. Section 1983, such a claim fails as a matter of law against this Defendant as Plaintiff cannot show that this Defendant is so intertwined with a state or local government entity as to acting under color of state law.

*TWENTY-SIXTH DEFENSE*

The Defendant adopts all defenses that have been available to it by the United States Supreme Court's decision in <u>Kolstad v. American Dental Association</u>.

*TWENTY-SEVENTH DEFENSE*

The Defendant reserves the right to supplement this initial answer raising such other, different or affirmative defenses as may be proper, in accordance with R.11, *Fed.R.Civ.P.*, after further investigation and discovery.

Respectfully submitted,

/s/ John Martin Galese

_____

John Martin Galese, Esq. (ASB5382E61J)

Of Counsel:

GALESE & INGRAM, P.C.
300 First Commercial Bank Building
800 Shades Creek Parkway
Birmingham, Alabama 35209
*Telephone:*  (205) 870-0663
*Facsimile:*  (205) 870-0681

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2008, I have electronically filed this answer.


/s/ John Martin Galese