IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
<u>NORTHERN DIVISION</u>

| | |
|---|---|
| ANNETTE C. WHITE, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    CASE NO: 2:07cv1075-WKW |
| | ) |
| TROY NISSAN, | ) |
| | ) |
|     Defendant. | ) |

**<u>REPORT OF PARTIES' PLANNING MEETING</u>**

    1.    Pursuant to R.26(f), *Fed.R.Civ.P.*, a meeting was held on January 14, 2008, and was attended by Lee Winston for Plaintiff and John Martin Galese for the Defendant. At that meeting, the following was agreed upon.

    2.    Pre-Discovery Disclosures: The parties will exchange by February 1, 2008, the information required by *Fed.R.Civ.P.* R.26.

    3.    Discovery Plan: The parties jointly propose to the Court the following discovery plan:

        A.    Discovery will be needed on the following subject areas:

            (1) Liability of the Defendant on the Plaintiff's claims;

            (2) Defendant's defenses to Plaintiff's claims;

            (3) Damages and costs;

   (4) Equitable remedies and requests, including entitlement thereto, defenses, appropriateness and feasibility.

B. All discovery will be commenced in time to be completed by October 1, 2008.

C. The Plaintiff shall be permitted to propound up to 25 interrogatories (including subparts) to the Defendant, which shall be responded to within 30 days of service. The Defendant shall be permitted to propound up to 25 interrogatories (including subparts) to Plaintiff, which shall be responded to within 30 days of service.

D. The Plaintiff shall be permitted to propound up to 25 production requests (including subparts) to the Defendant, which shall be responded to within 30 days of service. The Defendant shall be permitted to propound up to 25 production requests (including subparts) to Plaintiff, which shall be responded to within 30 days of service.

E. The Plaintiff shall be permitted to propound up to 25 requests for admissions to the Defendant, which shall be responded to within 30 days of service. The Defendant shall

      be permitted to propound up to 25 requests for admissions to Plaintiff, which shall be responded to within 30 days of service.

  F.  The Plaintiff shall be permitted to take up to 5 (non expert) depositions not to exceed 4 hours each unless extended by agreement. The Defendant shall be permitted to take up to 5 (non expert) depositions not to exceed 4 hours each unless extended by agreement.

  G.  Reports from retained experts under R.26(a)(2) are due from the Plaintiff by June 1, 2008 and the Plaintiff shall submit those named experts for deposition on or before July 1, 2008. Reports from retained experts under R.26(a)(2) are due from the Defendant by August 1, 2008 and the Defendant shall submit those named experts for deposition on or before September 1, 2008.

  H.  Supplementation under R.26(e) is due from the Plaintiff and the Defendant no later than 45 days prior to the close of discovery.

4.  Other Items:

A.  The parties do not request a conference with the Court before entry of the Scheduling Order.

B.  The parties request a pretrial conference in November, 2008, or later.

C.  All amendments by the Plaintiff adding parties or claims, must be filed no later than March 1, 2008. All amendments by the Defendant adding parties, claims or defenses must be filed no later than April 1, 2008.

D.  All potentially dispositive Motions and *Daubert* challenges must be filed by October 1, 2008.

E.  Settlement cannot be realistically evaluated prior to September 1, 2008. The parties believes that settlement may be enhanced by the use of mediation.

F.  Final lists of witnesses and exhibits (excluding true impeachment witnesses and exhibits) under R.26(a)(3) are due from the Plaintiff and the Defendant as directed by the Court in its pretrial order. The parties will pre-mark and exchange a list of exhibits they intend to offer into evidence and shall make such exhibits available for inspection and

      copying prior to trial as required by the Court's pretrial order. All documents listed shall include in their descriptions the Bates number of each document. The exhibits will be pre-marked with exhibit numbers, case number and the identity of the party offering the exhibit for identification prior to production for inspection by opposing counsel. A list including exhibit numbers and descriptions shall be provided to the Court prior to the trial's commencement.

G.    The Parties will have such time from service of the final lists of witnesses and exhibits to list objections under R.26(a)(3), as the Court may permit in its pretrial order. If a party plans to call a witness at trial by reading his or her depositions in that party's case in chief, counsel shall advise opposing counsel of those portions of the deposition(s) to be read to the jury no later than 30 days prior to trial. Opposing counsel shall offer to opposing counsel any counter designations as well as to make any objections to those portions of the deposition(s) designated by opposing

counsel no later than 20 days prior to the trial and opposing counsel shall have until 10 days before trial in which to make any objections to the counter designations. In the event of unexpected or unforseen unavailability of a witness, the Court shall have discretion to allow later designations.

H.  The case should be trial ready on or after January 1, 2009 and at this time is expected to take approximately 3 trial days.

Respectfully submitted by:

FOR PLAINTIFF

/s/ Lee Winston
_____
319 17th Street North
Birmingham, AL 35203
205/502-0940

FOR DEFENDANT

/s/ John Martin Galese, asb5382361j
_____
800 Shades Creek Parkway
Suite 300
Birmingham, Alabama 35209
(205) 870-0663